**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————

No. 25-13750

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

DEDRICK GERMOND SMITH,
a.k.a. Derrick Smith,

*Defendant-Appellant.*

————————————

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 2:92-cr-00169-ACA-GMB-2

————————————

Before JORDAN, NEWSOM, and WILSON, Circuit Judges.

PER CURIAM:

Dedrick Germond Smith, a federal prisoner proceeding pro se, appeals the district court's denial of his most recent motion for

a sentence reduction under 18 U.S.C. § 3582(c)(1)(A).  On appeal, Mr. Smith argues that the district court abused its discretion in denying his motion because his life sentence qualifies as an extraordinary and compelling reason for relief.  For the reasons set out below, we affirm.

**I**

The First Step Act amended § 3582(c)(1)(A) to allow district courts to reduce a defendant's term of imprisonment upon motion.  *See* Pub. L. No. 115-391, § 603(b), 132 Stat. 5222.  To be eligible for a sentence reduction under § 3582(c)(1)(A), a defendant must show that: (1) an extraordinary and compelling reason exists; (2) a sentencing reduction would be consistent with U.S.S.G. § 1B1.13; and (3) the 18 U.S.C. § 3553(a) factors weigh in favor of a sentence reduction.  *See United States v. Tinker*, 14 F.4th 1234, 1237–38 (11th Cir. 2021).  When the district court finds that one of these prongs is not met, it need not examine the others.  *See id.  See also United States v. Giron*, 15 F.4th 1343, 1347–48 (11th Cir. 2021).

The Sentencing Commission has issued policy statements describing several categories of reasons that should be considered "extraordinary and compelling" under the statute.  *See Rutherford v. United States*, 608 U.S. ---, 146 S.Ct. 1320, 1327–28 (2026).  Mr. Smith invokes one here: U.S.S.G. § 1B1.13(b)(6).  That provision states:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been

made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

§ 1B1.13(b)(6).

We review de novo whether a defendant is eligible for a sentence reduction under § 3582(c)(1)(A). *See Giron*, 15 F.4th at 1345. After eligibility is established, we review the denial of a § 3582(c)(1)(A) motion for abuse of discretion. *See id.* "A court must explain its sentencing decisions adequately enough to allow for meaningful appellate review." *Id.* (citation omitted). But the district court's discretion affords it "a range of choice, and we cannot reverse just because we might have come to a different conclusion." *Id.* (citation and quotation marks omitted).

## II

In 1993, Mr. Smith was convicted of murdering a federal agent engaged in the performance of his official duties in violation of 18 U.S.C. §§ 2, 1111, and 1114. The district court sentenced him to life imprisonment. Mr. Smith concedes that this sentence was required by statute. *See* Appellant's Br. at 3 ("Mr. Smith was sentenced to statutory life imprisonment in 1993 . . . .").

Mr. Smith has moved the district court, on several occasions, for a reduced sentence. He now appeals the order denying

4                          Opinion of the Court                    25-13750

his most recent § 3582(c) motion.  In his motion, Mr. Smith had sought relief based on § 1B1.13(b)(6), which authorizes a court to reduce an "unusually long sentence" if, among other things and as explained above, a change in the law "would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed."  In its order, the district court explained that it denied Mr. Smith's motion "for the same reason set out in its previous order: the statute mandating Mr. Smith's sentence has not been amended."  D.E. 222 at 2 (citing D.E. 213).  That "previous order," in turn, denied Mr. Smith's prior motion on the ground that "the statute that mandated his life sentence in 1993 continues to mandate a life sentence."  D.E. 213 at 3 (citing § 1111).  For that reason, the district court had found, there is no change in the law producing a gross disparity.  *Id.* at 3.  *See also* D.E. 222 at 2.

To establish extraordinary and compelling reasons warranting a reduction in his sentence, Mr. Smith had argued to the district court that his life sentence is disproportionate to the average defendant convicted of murder; that he was young—only 21 years old—at the time of the offense; and that he has maintained an "exemplary institutional record" while incarcerated since he was sentenced.  *See* D.E. 221 at 2–9.  Mr. Smith also asserted that the § 3553(a) factors further warranted a reduction in his sentence, again because of his youth at the time of the offense and his model disciplinary record that, he contended, reflects a "minimum recidivism risk."  *Id.* at 9–10.  Mr. Smith made other arguments related to §

25-13750                Opinion of the Court                5

3553(a), as well, including to note his rehabilitation efforts and the deterrence value that his 34 years' imprisonment reflects.

We affirm the district court's denial of Mr. Smith's motion for a sentence reduction. Mr. Smith concedes that one of the 1993 statutes under which he was convicted, § 1111, mandated a life sentence of imprisonment. And that statute, today, also requires that "[w]hoever is guilty of murder in the first degree shall be punished by death or by imprisonment for life." § 1111(b).

Mr. Smith argues that there has been a change in the law sufficient to establish a gross disparity. Specifically, he contends that a few district court cases from outside of this Circuit prove the disparity in his sentencing. We are not swayed. Mr. Smith cites, for example, *United States v. Johnson*, No. 1:97-cr-314, 2023 WL 5049267 (E.D. Va. Aug. 8, 2023). Although the Fourth Circuit affirmed that decision, the Supreme Court has vacated its judgment and remanded for further consideration in light of *Fernandez v. United States*, 608 U.S. ---, 146 S.Ct. 1292 (2026), and *Rutherford*, 608 U.S. ---. *See* No. 25-551, 2026 WL 1640930, at *1, --- S.Ct. --- (U.S. June 8, 2026). And the Supreme Court's *Fernandez* decision, relatedly, precludes another of Mr. Smith's arguments: that he did not murder the victim. *See Fernandez*, 146 S.Ct. at 1307 (holding that "a compassionate release motion is not a vehicle for raising" an actual innocence claim). *See also* Appellant's Br. at 5 (arguing that "Mr. Smith 'did not murder' the victim as it is undisputed that he did not

pull the trigger . . . .").  In any event, Mr. Smith's out-of-circuit district court cases are not binding and do not reflect a change in the law necessitating a reduction in his sentence.

Mr. Smith also argues that the district court erred by failing to "determine whether [Mr.] Smith['s] individualized circumstances taken in the aggregate . . . warrant a sentence reduction." Appellant's Br. at 4–5.  Under § 1B1.13(b)(6), however, a court need not engage in a "full consideration of the defendant's individualized circumstances" if it determines that no change in law "would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed." § 1B1.13(b)(6).  Nor was the district court here required to consider whether the § 3553(a) factors favored a sentence reduction because it had already concluded that no extraordinary and compelling reason exists for a sentence reduction.  *See Giron*, 15 F.4th at 1348.

Mr. Smith fails to identify an intervening change in law that would have resulted in a gross disparity in sentence had he been sentenced at the time he filed his motion.  He therefore has not shown that his sentence qualifies as an extraordinary and compelling reason for a reduced sentence under § 1B1.13(b)(6).

### III

The district court did not err in determining that Mr. Smith was not eligible for a sentence reduction under § 3582(c)(1)(A) based on § 1B1.13(b)(6).  We therefore affirm.

**AFFIRMED.**